# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| LARRY GRADY, <br> AIS #143344, <br><br> Plaintiff, <br><br> vs. <br><br> LEEPOSEY DANIELS, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:14-CV-991-TMH <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' SPECIAL REPORT

COME NOW the Defendants, Leeposey Daniels, Charles McKee, and Althea Jones, by and through undersigned counsel, and file this Special Report by submitting the following:

## PLAINTIFF'S ALLEGATIONS

1. The Plaintiff, Larry Grady (AIS # 143344), is an inmate within the custody of the Alabama Department of Corrections and is currently confined at Staton Correctional Facility. The Plaintiff was previously confined to the Elmore Correctional Facility. Plaintiff alleges the Defendants violated his rights under the First Amendment to the United States Constitution. Specifically, the Plaintiff alleges that he is

being unlawfully deprived access to two books his wife sent him and that the Defendants retaliated against him for filing this complaint by transferring him to another facility.

2. The Plaintiff seeks monetary damages.

3. As directed, the Defendants have undertaken a review of the Plaintiff's claims to determine the facts and circumstances relevant thereto. At this time, the Defendants are submitting this report, which is supported by the affidavits of Leeposey Daniels (Exhibit A); Charles McKee ("Exhibit B"); Althea Jones (Exhibit C), a statement from the Plaintiff (Exhibit D), Classification Inmate Summary (Exhibit E), letter from Ingram State Technical College (Exhibit F), Inmate Movement History (Exhibit G), a certified copy of Alabama Department of Corrections Administrative Regulation 448 – Inmate Mail (Exhibit H), and an Invoice from Books-a-Million (Exhibit I).

.

## STATEMENT OF THE FACTS

The Plaintiff, Larry Grady ("Grady"), is in the Alabama Department of Corrections ("ADOC") custody by virtue of a conviction for Murder out of Lee County and is serving a life sentence. (Exhibit E). Grady was confined at the Elmore Correctional Facility from October 18, 2013 until

May 12, 2014, when he was transferred to the Bibb Correctional Facility. (Exhibit G). He was transferred to Bibb on a Warden-to-Warden transfer. (Exhibits A and B). While at Elmore, Grady received two books from his wife, *Hittin the Bricks An Urban Erotic Tale* and *Thug a Licious.* Upon reviewing the language contained in the books, they were found to contain obscene, graphic and violent language. (Exhibits A, B, and C). Grady was allowed to send the books back to his wife. On July 1, 2014, Grady ordered and received the same books directly from Books-A-Million. (Exhibit I).

On April 29, 2014, Grady was accepted to Ingram State Technical College for the summer semester with classes starting on May 6, 2014. (Exhibit F). On May 12, 2014, Grady was transferred to Bibb Correctional Facility. (Exhibit G). The Plaintiff filed this complaint on September 26, 2014. (Doc. 1).

## **ARGUMENT**

Grady files his complaint under the First Amendment. Just as the language of § 1983 case requires proof of a causal connection between the purported actions or omissions of the Defendants and any constitutional deprivation, the same requirement exist here. <u>Zatler v. Wainwright</u>, 802 F.2d 397 (11th Cir. 1986). The requisite causal connection may be shown

by the personal participation of the Defendants, or a policy or custom established by the Defendants that resulted in a deliberate indifference to the Plaintiff's rights or a breach of duty imposed by state or local law.  Id. Grady fails to establish within his complaint any violation of his constitutional rights.  There is no evidence indicating any act or omission by the Defendants violated Grady's constitutional rights.

     Moreover, Grady's complaint fails to meet the pleading requirements defined in Rule 8(a) of the Federal Rules of Civil Procedure.  A complaint must be reviewed to determine whether it gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  Specifically, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and in order to survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), citing, Twombly, 550 U.S at 556.  "[A]

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The Supreme Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, citing, Twombly 550 U.S. at 555. The Court can only consider as true well pleaded factual allegations, and then it must "determine whether they plausibly give rise to an entitlement to relief." Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010). Grady's complaint presents many generalized and conclusory allegations, which fall short of the pleading requirements.

## **FIRST AMENDMENT CLAIM**

Grady contends the Defendants violated his First Amendment rights by denying him access to the aforementioned books. He appears to argue that the Defendants do not have any authority to ban/restrict books that come into the facility. Interestingly, Grady does not argue that the books did not contain 'obscene, graphic and violent language'. "Inmates have a First Amendment right to receive magazines and newspapers through the mail." Spellman v. Hopper, 95 F.Supp.2d 1267, 1271 (M.D. Ala. 1999), citing, Allen v. Coughlin, 64 F.3d 77, 81 (2d Cir. 1995); Guajardo v. Estelle, 568

5

F.Supp. 1354, 1366 (S.D. Texas 1983); Payne v. Whitmore, 325 F.Supp. 1191, 1193 (N.D. Cal. 1971). An inmate's First Amendment rights, however, are not without restriction. It is well settled law that a prison inmate "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974). In Thornburgh v. Abbot, 490 U.S. 401, 403, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989), the United States Supreme Court specifically recognized that prison officials can deny inmates incoming publications if they were found "detrimental to institutional security." The Court also recognized that "broad discretion" is especially appropriate where "the regulations at issue concern the entry of materials into the prison." Id. at 416-417. "[I]t is well established that 'the Constitution sometimes permits greater restriction of {First Amendment} rights in a prison than it would allow elsewhere'". Jernard v. Commissioner, Georgia Department of Corrections, et al., 457 Fed.Appx. 837, 2012 WL 386290 (11th Cir.2012). In fact, the Court has consistently held that the courts owe "substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining corrections system's legitimate goals and determining the most appropriate means to accomplish them." Overton

v. Bazzetta, 539 U.S. 126, 132, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003). The standard to determine whether a prison regulation is reasonable was articulated by the Supreme Court in Turner v. Safely, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). The Turner factors determining reasonableness are:

> (1) whether there is a "valid, rational connection" between the regulation and a legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the asserted constitutional right that remain open to the inmates; (3) whether and the extent to which accommodation of the asserted right will have an impact on prison staff, inmates, and the allocation of prison resources generally; and (4) whether the regulation represents an "exaggerated response" to prison concerns.

Pope v. Hightower, 101 F.3d 1382, 1384 (11th Cir. 1996), quoting, Turner v. Safely, 482 U.S. at 89-91, 107 S.Ct. at 2261-62.

ADOC Administrative Regulation 448 states that incoming mail may be considered as a threat to institutional security if it contains "obscene photographs, pictures, or drawings, including publications and advertisements from distributors." (Exhibit H at p. 8). The ADOC policy also implements a procedure by which reading materials may be reviewed and possibly rejected by the prison staff. (Exhibit H at pp. 9-10). This policy also provides an inmate with the ability to appeal the rejection of his

mail, and more specifically, any publications received at the prison. (Id. at pp. 10; 13).

This policy satisfies the Turner standard as it allows prison authorities to lawfully censor inmate mail that is detrimental to the security, good order and discipline of the institution. Thornburgh v. Abbot, 490 U.S. 401, 404, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989). The Eleventh Circuit Court of Appeals acknowledged the legitimacy of prison officials' penological interest in restricting nude photographs within the prison system. Owen v. Wille, 117 F.3d 1235 (11th Cir. 1997). The Court further concluded this practice by Florida prison officials satisfied the Turner standard based upon the individual review of each issue of a publication before it was excluded. Owen, 117 F.3d at 1237-38, citing, Thornburgh, 490 U.S. at 416; and Guajardo v. Estelle, 580 F.2d 748, 762 (5th Cir. 1978) (holding that "before delivery of a publication may be refused, prison administrators must review the particular issue of the publication in question…").

The evidence establishes that the two books were considered to contain obscene, graphic and violent language. (Exhibits A, B, and C). There is no evidence that Grady appealed that rejection of his books.

If a book was inadvertently rejected without proper documentation, such an error would at most amount to mere negligence. It is well settled

8

law that the Constitution is not implicated by the negligent acts of an official.  See, Daniels v. Williams, 474 U.S. 327 (1986); Mandel v. Doe, 888 F.2d 783, 787-788 (11th Cir. 1989) (held that mere negligence insufficient to establish a constitutional violation); Davidson v. Cannon, 474 U.S. 344, 348, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) (held that protections of the Constitution "are just not triggered by lack of due care by prison officials.").  Grady neither sufficiently alleges within his complaint, nor provides any evidence to support his claim that the Defendants violated his First Amendment rights.  Accordingly, his claim is due to be dismissed.

## ELEVENTH AMENDMENT AND QUALIFIED IMMUNITY

To any extent Grady claims liability for the Defendants in their official capacities under 42 U.S.C. § 1983, such a claim is considered to be against the State itself as they are employees of the State of Alabama and must be afforded Eleventh Amendment immunity.  Abusaid v. Hillsborough County Bd. of County Com'rs, 405 F.3d 1298, 1303 (11th Cir. 2005) (citing Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003)).  Moreover, the State itself need not actually be named as a party for such immunity to be available.  See Williams v. Bennett, 689 F.2d 1370, 1376 (11th Cir. 1982), cert. denied 464 U.S. 932 (1983).  For this reason, any § 1983 claims asserted by Grady

against the Defendants in their official capacities are barred by Eleventh Amendment immunity and should be dismissed.

To any extent Grady claims liability for the Defendants in their individual capacities, they are protected under qualified immunity. "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002), quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d396 (1982). Qualified immunity bars claims "so long as [the defendants'] actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). Furthermore, qualified immunity is not just a bar to damages, it is a bar to suit. Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Such immunity is necessary in order for the government to effectively function. If not for the protection immunity provides, state officials could be subject to suit for every action they take. This would have a serious chilling effect on the ability of such officials to do their job, especially in a prison environment. State officials should be allowed to exercise discretion in the

performance of their duties without fear of a lawsuit around every corner. Mitchell, 472 U.S. at 525-26; see also, Hunter v. Bryant, 502 U.S. 224, 229, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991); Burrell v. Bd. of Trustees of Ga. Military College, 970 F.2d 785, 794 (11th Cir. 1992), cert. denied, 507 U.S. 1018 (1983).

In the present case, the Defendants categorically deny violating Grady's First Amendment rights. The evidence also demonstrates they were "acting within the scope of [their] discretionary authority at the time of the allegedly unconstitutional conduct." Edwards v. Alabama Department of Corrections, 81 F.Supp.2d 1242, 1252 (M.D. Ala. 2000), citing, Sims v. Metropolitan Dade County, 972 F.2d 1230, 1236 (11th Cir. 1992). The burden then shifts to Grady to prove that the Defendants' actions violated clearly established statutory or constitutional law. Edwards, 81 F.Supp.2d at 1252; see also, Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004). Grady fails to meet this difficult burden. As discussed above, the weight of the evidence demonstrates Grady's failure to adequately allege a violation of his constitutional rights within his complaint. Moreover, Grady fails to present any evidence demonstrating how any act or omission on the part of the Defendants violated his First Amendment rights. Accordingly, the Defendants are entitled to qualified immunity.

## **STANDING**

This Court lacks subject matter jurisdiction over Grady's claims with regard to his alleged damages concerning the books. According to the United States Supreme Court, to establish standing:

> "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical." ' Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'

Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

In requiring a particular injury, the Court meant "that the injury must affect the plaintiff in a personal and individual way." Id., at 560, n. 1, 112 S.Ct. 2130. In this case, Grady admits that his wife sent him the books while at Elmore and that she was "unable to get a refund on the books". (Exhibit D). Therefore Grady has suffered no damages. Grady fails to allege any injury with regard to his claims against the Defendants; thus, any conceivable injury is not actual or imminent. Specifically, he admits that he

received the books after he was transferred to Bibb. (Exhibits D and I). Accordingly, Grady lacks standing on all claims against the Defendants concerning the return of the books, and this Court should dismiss his claim for lack of subject matter jurisdiction.

## RETALIATION

Grady's claim of retaliation is completely without merit for several reasons. To prevail on a First Amendment retaliation claim, the plaintiff must establish that : "(1) his speech was constitutionally protected; (2) he suffered adverse action such that the [defendants'] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) that there is a causal relationship between the alleged retaliatory action and the protected activity." Stallworth v. Tyson, 578 Fed.Appx. 948 (11th Cir.2014), quoting O'Bryant v. Finch, 637 F.3d 1207, 1212 n.9 (11th Cir.2011); see also Barnes v. Zaccari, ____ F.3d. ____, 2015 WL 134362 (11th Cir.2015). The only constitutionally protected action or activity here would be the filing of the complaint, which in this case was after Grady had been transferred and as such there would be no causal relationship between the two.

# PLRA

Lastly, the Defendants would argue that this action is due to be dismissed and summary judgment granted under the Prison Litigation Reform Act (PLRA), specifically under 42 U.S.C.A. s 1997e(a). This argument is based upon two elements: (1) that the Plaintiff's claims are meritless and (2) that the Plaintiff failed to exhaust his administrative remedies.

The Eleventh Circuit has recently addressed meritless claims under the PLRA in <u>Lawson v. Secretary, Florida Department of Corrections</u>, Slip Copy, 2011 WL 2079195 (C.A.11(Fla.)) (inmate case involving claims under the RLUIPA). "[T]he PLRA accords judges not only the authority to dismiss a claim based upon an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Id.</u> at page 3, quoting <u>Miller v. Donald</u>, 541 F.3d 1091, 1100 (11th Cir.2008). These Defendants allege that a reading of this complaint clearly shows that the non-specific claims in the complaint are based upon meritless legal theories.

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under <u>section 1983</u> … by a prisoner … until such administrative

remedies as are available are exhausted." Bugge v. Roberts, Slip Copy, 2011 WL 1885537 (C.A.11 (Ga.)), quoting 42 U.S.C. §1997e(a). "[T]his exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" Id., quoting Porter v. Nussle, 534 U.S. 516, 532 (2002). ADOC Administrative Regulation # 448 provides for an inmate to appeal a decision that certain reading materials are not allowed. The Plaintiff never appealed the Warden's decision.

The Plaintiff's complaint does not allege that he has suffered physical injury. The PLRA at "[S]ection 1997e(e) is titled 'Limitation on recovery' and provides in full: 'No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.'" Al-Amin v. Smith, 637 F.3d 1192 (11th Cir.2011).

## CONCLUSION

The Defendants demonstrated through the evidence and appropriate precedent that there is not any genuine dispute of material fact relating to a constitutional violation. Therefore, the Defendants are entitled to judgment in their favor as a matter of law.

Respectfully Submitted,

Luther Strange
Attorney General

Anne Adams Hill (ADA054)
General Counsel

<u>/S/ Albert S. Butler</u>
Albert S. Butler (BUT016)
Assistant Attorney General

**<u>ADDRESS OF COUNSEL</u>:**
**Alabama Department of Corrections**
**Legal Division**
**301 Ripley Street**
**Post Office Box 301501**
**Montgomery, AL  36130-1501**
**334-353-3890**
**334-353-3891 Facsimile**

# **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notification of such filing will be sent to the following:

>Larry Jerome Grady
>AIS #143344
>Staton Correctional Facility
>P. O. Box 56
>Elmore, AL 36025

by placing same in the U.S. Mail, first class postage prepaid and properly addressed on this the 23rd day of February, 2015.

>/S/ Albert S. Butler
>Albert S. Butler (BUT016)
>Assistant Attorney General