# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| LARRY GRADY, ) | |
| AIS #143344, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 2:14-CV-991-ECM |
| vs. ) | |
| ) | |
| LEEPOSEY DANIELS, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S CLAIM FOR RELIEF

Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, at the close of Plaintiff's evidence, the Defendant, Warden Leeposey Daniels, hereby moves the Court for a judgment as a matter of law in favor of the Defendant as to the retaliatory transfer claim asserted by Plaintiff in this action. As grounds for this motion, Defendant shows unto the Court the following:

1. The evidence is insufficient to establish one or more of the elements of the cause of action presented by the Plaintiff.

2. As a matter of law, Defendant cannot be held liable to Plaintiff because he complied with all applicable laws, regulations and standards, and the claim asserted by the Plaintiffs is, therefore, preempted under state and/or federal law.

3. As a matter of law, no action of Defendant was the proximate cause of any injury to Plaintiff.

4. As a matter of law, no action of Defendant was the actual cause of any injury to Plaintiff. There is no constitutionally or statutorily protected right for an inmate to be held in any particular space or to participate in a vocational education program.

5. According to the Alabama Department of Corrections, "[i]t is the responsibility of the Warden of each institution to… [p]lan, direct, control and otherwise manage his/her respective institution in such a manner as to ensure the effective accomplishment of its mission." Ala. Dept. of Corr. Admin. Reg. No. 018(IV)(A)(1). In other words, the warden of any correctional facility has the power to operate the facility using his own discretion. Defendant exercised that discretion by transferring the Plaintiff to Bibb Correctional Facility.

6. An inmate has no constitutionally protected right to be held in one correctional facility over another, unless a correctional facility engages in cruel and unusual punishment and/or poses a threat to the inmate's safety. (*See, e.g., Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 1974, 128 L.Ed.2d 811 (1994), which says a "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eight Amendment.") In the absence of such danger, the inmate's conviction has "extinguished" his constitutional right to travel and live where he pleases. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). According to the Supreme Court of the United States,

> Confinement within any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to

>impose. That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe laws.

*Id.* at 225. It stands to reason that the same principle applies to prisons where certain desirable opportunities are not offered.

  7. Furthermore, under the Code of Alabama, the Board of Corrections "is *authorized* to adopt rules, regulations and policies permitting the commissioner to extend the limits of confinement of an inmate… to study in either a vocational or educational curriculum at an institution appropriate for the inmate's abilities." Ala. Code § 14-8-62 (1975) (emphasis added). Although this statute does not speak directly to the issue at hand, it does say that an inmate's participation in vocational or educational programs is allowed by state law. No state law mandates that any particular inmate be allowed to participate in a vocational training program, especially when that participation is not feasible based on the location of the prison.

  8. This reading of the statute is bolstered by the Middle District's statements in *Pugh v. Locke*. In this case, the Court said that "the Alabama penal system makes available a very limited number of vocational, educational, and work opportunities. Openings in whatever programs are offered must be assigned on a reasonable and rational basis." *Pugh v. Locke*, 406 F. Supp. 318, 330 (M.D. Ala., 1976). This would not be the case if inmates had an absolute right to vocational training. Therefore, an inmate has no basis for recovery founded on the fact that he cannot participate in a vocational training program.

9. Plaintiff has failed to present a legally sufficient evidentiary basis on which a reasonable jury could find in favor of the Plaintiff, which precludes consideration of any such claim by the jury. Plaintiff has failed to prove that his transfer was done in bad faith, and he has no laws to support any contention that he had a right to stay at Elmore and finish his vocational training. Inmates do not have a protected right to participate in vocational training or to stay in a certain correctional facility when a warden has determined that a transfer is in the best interests of the inmate or the facility.

10. The evidence is insufficient to submit Plaintiff's retaliatory transfer claim to the jury.

11. There is no substantial evidence that Defendant retaliated against the Plaintiff.

12. Plaintiff has failed to produce substantial evidence that the Defendant was aware that the Plaintiff was in school at the time of the transfer, the underlying basis for his claim that the transfer was a retaliation for his previous complaints.

13. As a matter of law, Plaintiff has failed to establish a retaliatory transfer occurred.

14. As to Plaintiff's retaliatory transfer claim, Plaintiff has the burden of presenting substantial evidence of the following: 1) his speech was constitutionally protected; 2) he suffered an adverse action that would likely deter a person of ordinary firmness from engaging in such speech; and 3) a causal relationship between the protected speech and the alleged retaliatory action.

Although this Court determined that the original grievance about the books was protected speech, and the action could likely deter others from doing the same, there is no causal link between the complaints and the transfer to another facility. Plaintiff has failed to provide any proof that the Defendant knew that Plaintiff was in school at the time of the transfer.

15.  Plaintiff has failed to present a legally sufficient evidentiary basis on which a reasonable jury could find in favor of the Plaintiff on a claim for retaliatory transfer, which precludes consideration of any such claim by the jury.

WHEREFORE, for the foregoing reasons and those reasons presented orally, Defendant respectfully requests that the Court enter a judgment as a matter of law in favor of the Defendant as to the retaliatory transfer claim asserted by Plaintiff.

Respectfully submitted,

STEVE MARSHALL
ATTORNEY GENERAL
By:


/s/ Madeline H. Lewis
Madeline H. Lewis
Assistant Attorney General
Counsel for Defendant
Warden Leeposey Daniels, retired

OF COUNSEL:

General Civil Litigation and Administrative Law Division
Office of the Attorney General
State of Alabama
501 Washington Avenue
Montgomery, Alabama 36130-0152
Office: (334) 353-4840
Fax:    (334) 242-2433

# CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2019, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, and that I have further served a copy on the Plaintiff, **in person.**

>   Inmate Larry Jerome Grady, pro se
>   AIS #143344
>   Elmore Correctional Facility
>   3520 Marion Spillway Road
>   Elmore, AL 36025

>                             /s/ Madeline H. Lewis
>                             OF COUNSEL